Nathan T. Paine (admitted *pro hac vice*)
Kyle B. Straughan (admitted *pro hac vice*)
Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:  206-223-1313
Facsimile:  206-682-7100
Email:  npaine@karrtuttle.com

Attorneys for Plaintiff,
*Cascade Drilling, L.P.*

Matthew A. Newboles (SBN 167,196)
Gregory K. Clarkson (SBN 298,712)
**STETINA BRUNDA GARRED & BRUCKER**
75 Enteprise, Suite 250
Aliso Viejo, California 92656
Tel: (949) 855-1246
*mnewboles@stetinalaw.com*
*gclarkson@stetinalaw.com*

Attorneys for Defendant,
*Regenesis Bioremediation Products, Inc.*

Additional counsel for the parties listed after signatures.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cascade Drilling, L.P., | CASE NO. 8:23-CV-02108-JWH-ADS |
| Plaintiff, | Hon. John W. Holcomb |
| v. | **JOINT RULE 26(F) REPORT** |
| Regenesis Bioremediation Products, Inc., | Date: March 1, 2024 |
| Defendant. | Time: 9:00 AM<br>Courtroom: 9D |

## JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Order Setting Scheduling Conference (Dkt. 30), Plaintiff Cascade Drilling, L.P. ("Cascade") and Defendant Regenesis Bioremediation Products, Inc. ("Regenesis", and with Cascade the "Parties" and each a "Party"), by and through their counsel, hereby jointly submit their report of the meeting of Parties and counsel. A telephonic conference was held on February 9, 2024. Nathan T. Paine and Robert A. McFarlane participated for Cascade. Gregory Clarkson, Matthew A. Newboles, Ben Roxborough, and Brandon H. Stroy participated for Regenesis.

Each party's position stated in this joint report was separately verified by the party or counsel in question.

### 1. Statement of the Case

**Plaintiff's Position**

This declaratory judgment action involves three primary issues: (1) that Cascade's colloidal activated carbon services and products do not infringe upon U.S. 7,585,132 ("'132 Patent"); 9,770,743 ("'743 Patent"); 9,776,898 ("'898 Patent"); 10,005,684 ("'684 Patent"); 10,478,876 ("'876 Patent"); 10,512,957 ("'957 Patent") and 11,253,895 ("'895 Patent") (collectively "Regenesis Patents") owned or exclusively licensed by Regenesis; (2) that the Regenesis Patents owned or exclusively licensed by Regenesis are invalid and should not have been granted; and (3) that the '743 Patent; '898 Patent; '876 Patent; and '957 patent (collectively the "Fraudulent Patents") are unenforceable due to inequitable conduct during their prosecution. Cascade has also raised several claims arising from similar facts and bases including a claim for Lanham Act false advertising and various state law claims.

Plaintiff Cascade and Defendant Regenesis are competitors in the market of providing colloidal activated carbon for groundwater remediation and related

services. Cascade seeks to expand its presence in such market, however, Regenesis has been utilizing threats of lawsuit against customers, vendors, and other parties in the market for infringement of the Regenesis Patents to maintain its monopoly over such marketplace. As a result, Cascade believes it has been damaged and has filed its claims. Presently, Regenesis has moved to dismiss five of Cascade's claims all related to the allegations of inequitable conduct and Fraudulent Patents. As of this filing, Regenesis has not filed an answer to Cascade's claims.

**Defendant's Position**

Regenesis denies that any of the Regenesis Patents are invalid or unenforceable, and denies that Cascade is entitled to any declaratory judgment of invalidity or unenforceability. Regenesis further denies Cascade's allegations regarding any purported underlying fraud on the patent office, and contends that each of Claims 2 and 4-8 premised upon such allegations are unfounded, as described in the pending Motion to Dismiss, and should be dismissed from this action prior to moving forward.

To the extent that Cascade is seeking a declaratory judgment that its activities do not infringe any of the Regenesis Patents, Regenesis likewise denies this, and states that it intends to file its counterclaims of patent infringement against Cascade in due course along with its answer.

## 2. Subject Matter Jurisdiction

The parties do not dispute that Cascade's action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Cascade's claims arise in part under the patent laws of the United States, the Sherman Act, the Clayton Act, and the Lanham Act. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). The court also has diversity jurisdiction over the action under 28 U.S.C. § 1332, as the parties thereto are citizens of different states and the amount

in controversy exceeds the sum or value of $75,000. This Court has supplemental jurisdiction over the pendent state law claims alleged pursuant to 28 U.S.C. § 1367.

### 3. Legal Issues

**Plaintiff's Position**

Cascade believes the principal legal issues in this matter include, but are not limited to:

- Whether Regenesis's pending motion to dismiss the First Amended Complaint should be denied;
- Whether Cascade's colloidal activated carbon services infringe the Regenesis Patents;
- Whether the claims of the Regenesis patents are valid;
- Whether Regenesis engaged in inequitable conduct in the prosecution of the Fraudulent Patents by failing to disclose certain prior art to the USPTO examiner;
- Whether Regenesis's inequitable conduct renders some or all of the Regenesis Patents unenforceable;
- Whether Regenesis has used the enforcement or threats of enforcement of the Fraudulent Patents against the entire industry in the relevant market to obtain an illegal monopoly;
- Whether Regenesis's false claims regarding the Fraudulent Patents violate the Lanham Act's prohibition on false advertising;
- Whether Regenesis's threats to enforce the Fraudulent Patents against Cascade's customers and prospective customers constitutes tortious interference with Cascade's contracts and/or prospective economic advantage; and

- Whether Regenesis's threat to enforce the Fraudulent Patents against Cascade and the entire industry in the relevant market constitutes an unfair business practice under California state law.

**Defendant's Position**

Regenesis believes the principal legal actions in the matter include, but are not limited to:

- Whether Claims 2 and 4-8 of Cascade's First Amended Complaint should be dismissed, as detailed in Regenesis' pending motion to dismiss, and if so, whether such dismissal should be with prejudice;
- Whether Cascade infringes, either directly, contributorily, by inducement, or under the doctrine of equivalents, any of the Regenesis Patents and/or other patents which Regenesis may assert;
- Whether the Regenesis Patents are valid;
- Whether the Regenesis Patents are enforceable;
- If Cascade is found liable for infringement of any of the Regenesis Patents or other patents which Regenesis may assert, the existence and amount of damages and/or a reasonable royalty for such infringement;
- If Cascade is found liable for infringement of any of the Regenesis Patents or other patents which Regenesis may assert, whether such infringement was willful.
- If and when Regenesis prevails in defeating Cascade's claims and/or in proving its forthcoming counterclaims of patent infringement, whether and to what extent Regenesis should be awarded its costs, expenses, and/or attorneys' fees as the prevailing party.

**4. Parties, Evidence, etc.**

**Parties**

Cascade Drilling, L.P. hereby discloses the following parents, subsidiaries, affiliates, and shareholders:

- Cascade Drilling, L.P., a Delaware Limited Partnership, the Plaintiff;
- Cascade Environmental LLC, Parent to Cascade Drilling, L.P.;
- Cascade GP Holdings, LLC, Parent to Cascade Drilling, L.P.;
- Cascade Intermediate, LLC, Parent to Cascade Environmental LLC;
- Cascade Environmental Holdings, LLC, Parent to Cascade Intermediate, LLC;
- Cascade GP Holdings, LLC, Parent to Cascade Drilling, L.P.;
- Cascade Intermediate, LLC, Parent to Cascade Environmental LLC;
- Cascade Environmental Holdings, LLC, Parent to Cascade Intermediate, LLC;
- Cascade Finco, LLC, Shareholder of Cascade Environmental Holdings, LLC;
- Snow Phipps II AIV, L.P., Shareholder of Cascade Environmental Holdings, LLC;
- PennantPark Investment Corporation, Shareholder of Cascade Environmental Holdings, LLC;
- PennantPark Credit Opportunities Funds II, LP, Shareholder of Cascade Environmental Holdings, LLC;
- Portfolio Advisors Credit Strategies Fund, L.P., Shareholder of Cascade Environmental Holdings, LLC;
- PACS Intermediate, L.P., Shareholder of Cascade Environmental Holdings, LLC;
- Antares Capital 2 LP, Shareholder of Cascade Environmental Holdings, LLC;

- Cascade Old Holdings, LLC, Shareholder of Cascade Environmental Holdings, LLC;
- Ron Thalacker, Shareholder of Cascade Environmental Holdings, LLC;
- John Pless, Shareholder of Cascade Environmental Holdings, LLC;
- Townsend Bancroft, Shareholder of Cascade Environmental Holdings, LLC;
- Eric Baumgardt, Shareholder of Cascade Environmental Holdings, LLC;
- Alex Mavrovitis, Shareholder of Cascade Environmental Holdings, LLC;
- Ogden Phipps, Shareholder of Cascade Environmental Holdings, LLC;
- Ryan Raskopf, Shareholder of Cascade Environmental Holdings, LLC; and
- Jose Briones, Shareholder of Cascade Environmental Holdings, LLC.

Regenesis Bioremediation Products, Inc. hereby discloses the following parents, subsidiaries, and affiliates:

- Regenesis Bioremediation Products, Inc., a California Corporation, Defendant.
- James Imbrie, owner of U.S. Patent No. 7,585,132, for which Regenesis holds an exclusive license to practice and enforce.

**<u>Witnesses</u>**

Cascade identifies the following individuals as potential witnesses:

- Scott Wilson, CEO of Regenesis and named inventor on at least one Regenesis Patent;
- Kristen A. Thoreson, named inventor on at least one Regenesis Patent;
- John Freim, named inventor on at least one Regenesis Patent;

- James Imbrie ("Imbrie"), named inventor on at least one Regenesis Patent;
- Benjamin V. Mork, named inventor on at least one Regenesis Patent;
- Joy M. Gravitt, named inventor on at least one Regenesis Patent;
- Ryan A. Ferguson, named inventor on at least one Regenesis Patent;
- Stephanie R. Rittenhouse, named inventor on at least one Regenesis Patent;
- Jeremy Birnstingl, named inventor on at least one Regenesis patent;
- Matthew A. Newboles, counsel of record for the prosecution of the Regenesis Patents;
- All other persons, agents, and representatives of Regenesis involved in the prosecution of the Regenesis Patents;
- All other persons, agents, and representatives of Regenesis involved in the inventive process and the reduction to practice of the inventions covered by and disclosed in the Regenesis Patents;
- Representatives from Dynamic Earth regarding choice not to use Cascade following communications from Regenesis;
- Representatives from other customers and potential customers of Cascade that chose not to use its colloidal activated carbon and related services due to Regenesis threats;
- Scott Wisher, an employee of Cascade with relevant knowledge of the issues in the case;
- Eliot Cooper, an employee of Cascade with relevant knowledge of the issues in the case;
- Rule 30(b)(6) witness(es) for Cascade and Regenesis;
- Representatives from other companies participating in the relevant market;

- Witnesses with knowledge of the relevant prior art, and
- Experts who will testify regarding the state of the relevant art at the time each of the Regenesis Patents were prosecuted, the economics of the case and damages suffered by Cascade, the costs of corrective advertising, the relevant industry and marketplace impacted by the Regenesis Patents, the proper construction of the claims of the Regenesis Patents, the prosecution of the Regenesis Patents and any other patents Regenesis may assert in this action, and Regenesis's lack of damages.

In addition to the above-identified individuals, Regenesis also identifies the following individuals as potential witnesses:

- Chester Barry, Primary Examiner for U.S. Patent No. 9,770,743;
- Ana Fortuna, Primary Examiner for U.S. Patent Nos. 9,776,898 and 10,005,684;
- Patrick J. Orme, Primary Examiner for U.S. Patent No. 10,478,876;
- The authors/inventors of each allegedly material prior art document identified by Cascade in its infringement contentions;
- Rule 30(b)(6) witness(es) for Cascade and Regenesis; and
- Experts who will testify regarding the teachings of the allegedly material prior art documents identified in Cascade's infringement contentions, Cascade's activities, Cascade's infringement of the Regenesis Patents and other patents Regenesis may assert in this action, the proper construction of the claims of the patents, the prosecutions of the Regenesis Patents and other patents Regenesis may assert in this action, the markets for the products and services covered by claims of the Regenesis Patents and other patents Regenesis may assert in this

action, the competition within, and Cascade's claims of competitive injury, and Regenesis' damages as well as Cascade's lack of damages.

As the issues are not yet fully developed, each Party's investigation is ongoing, and each Party reserves the right to identify additional individuals at a later date, as well as the right to rely on any admissible testimony, whether identified above or not, at any hearing in this action.

**<u>Documents</u>**

Cascade anticipates the key relevant documents will include:

- The patent prosecution history for the Regenesis Patents;
- Documents and correspondence concerning the filing and prosecution of the Regenesis Patents;
- Documents and correspondence concerning Regenesis's efforts to license the '132 Patent including all drafts of the license agreement exchanged with Imbrie and his representatives;
- The notes, records, correspondence, and any other documents evidencing each named inventor's role in the inventive process including the reduction to practice of all inventions covered by or disclosed in the Regenesis Patents;
- Relevant and material prior art references including but not limited to those identified in the First Amended Complaint and its Exhibit X;
- Documents and correspondence concerning prior art searches conducting prior to or during the prosecution of the Regenesis Patents;
- Documents or correspondence concerning any of the prior art identified in Exhibit X to the First Amended Complaint;
- Documents and correspondence concerning the Working Group prior art identified in the First Amended Complaint including all drafts and versions of the Working Group reference before it was published;

- Documents concerning the marketing and sale of Regenesis's products and services for in situ remediation using colloidal activated carbon;
- Regenesis's financial records relevant to Cascade's damages calculations;
- Documents concerning Regenesis's knowledge of material prior art relevant to its Regenesis Patents before or during their prosecution and documents establishing Regenesis's decision to intentionally withhold the material prior art references from the examiner;
- Documents and correspondence concerning Regenesis's efforts to obstruct the patent examiner from identifying the material prior art during the prosecution of the Fraudulent Patents;
- Documents and correspondence concerning Regenesis's efforts to enforce, including all threats to enforce, the Regenesis Patents;
- Documents establishing Cascade's products and services do not infringe the Regenesis Patents;
- Documents establishing the Regenesis Patents are invalid as detailed in Cascade's invalidity contentions;
- Documents and correspondence establishing Regenesis's tortious interference with Cascade's contracts and business expectancies;
- Documents and correspondence concerning Regenesis's plan, motive, and intent to fraudulently obtain patents in order to achieve a monopoly in the market for in situ remediation using colloidal activated carbon; and
- Documents and expert reports from the experts identified by the parties above.

In addition to the above-identified individuals, Regenesis also identifies the following as potentially key relevant documents:

- Documents and expert reports regarding the activities of Cascade to infringe any of the Regenesis Patents or other patents asserted in this action, and Cascade's knowledge of such patents;

- Documents and expert reports regarding the proper construction of the claims of the Regenesis Patents or other patents asserted in this action;

- Documents and expert reports regarding the teachings of the allegedly material prior art documents identified in Cascade's infringement contentions;

- Documents and expert reports regarding the prosecution of the Regenesis Patents and other patents Regenesis may assert in this action,

- Documents and expert reports regarding the markets for the products and services covered by claims of the Regenesis Patents and other patents Regenesis may assert in this action, as well as the competition within and Cascade's claims of competitive injury.

- Documents and expert reports regarding Regenesis' damages and Cascade's lack of damages.

As the issues are not yet fully developed, each Party's investigation is ongoing, and such Party reserves the right to identify additional documents at a later date, as well as the right to rely on any admissible evidence, whether identified above or not, at any hearing in this action.

**5. Damages**

<u>**Plaintiff's Position**</u>

At this stage of the case, Cascade cannot provide a range of provable damages as it first needs to obtain discovery on, among other things, Regenesis's sales of their products and services for in situ remediation using colloidal activated carbon. That said, Cascade seeks all available damages, including damages suffered by Cascade,

Regenesis's profits, compensatory damages, treble damages, costs, pre/post judgment interest and attorneys' fees.

**Defendant's Position**

Regenesis denies that Cascade is entitled to any damages or other relief. Defendants intend to seek injunctive relief as well as their own damages and/or a reasonable royalty for Cascade's acts of infringement of the Regenesis Patents and other patents which may be asserted by Regenesis in this action, in an amount that is to be determined through discovery and expert testimony, which may be trebled following a determination of willfulness. Regenesis will further seek to recover its costs, expenses, and attorneys' fees incurred in relation to this action.

### 6. Insurance

The Parties are unaware of any insurance coverage applicable to this case at this time. Regenesis is currently investigating whether insurance coverage may be applicable to the claims in this action.

### 7. Motions

Cascade anticipates filing a Motion for Summary Judgement of Non-Infringement, Invalidity, and Unenforceability, as well as for its Lanham Act and state law claims. Cascade also anticipates filing a motion for claim construction and further believes it is likely it will file Daubert motions. In addition, depending on the Court's decision on Regenesis's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 29), Cascade may file a motion to file an amended complaint consistent with the Court's order.

Regenesis has filed a Motion to Dismiss pursuant to Rule 12(b)(6) as to claims 2 and 4-8 of the FAC noted for March 1, 2024. In the event that such claims are dismissed without prejudice and Cascade is granted leave to amend and thereafter fails to successfully replead such claims in a further amended complaint, Regenesis intends to file additional motions to dismiss until such time as the Court dismisses

the claims with prejudice.  Regenesis anticipates filing a Motion of Summary Judgment as to Cascade's Claims of Invalidity and Unenforceability and any other of Cascade's Claims 2 or 4-8 which may survive the pleading stages, as well as on its counterclaims of patent infringement it will assert once it answers, as well as any other motions which may become necessary to file in the course of this litigation.

### 8.  Manual for Complex Litigation

The parties do not believe the Manual for Complex Litigation should be utilized for this case.

### 9.  Status of Discovery

Discovery has not yet commenced.  Cascade believes discovery should commence in its ordinary course pursuant to Rule 26(d).  Regenesis believes discovery should not commence until all claims and counterclaims of the parties have been asserted and answered.

### 10. Discovery Plan

The Parties do not believe any changes to the disclosures under Rule 26(a) are necessary. Further, the Parties do not believe that discovery need be conducted in phases or otherwise be limited. The parties will be working toward reaching agreement on a protective order based on the model protective order available on Judge Spaeth's website. The parties will negotiate an agreed e-discovery order that is proportionate to the needs of this case. Discovery is anticipated to include relevant employees of the parties and various third parties. At this time, there are no identified discovery disputes.

Cascade anticipates discovery will be needed on the following subjects:

- Witnesses and documents identified above;
- Prosecution of the Regenesis Patents;
- State of the applicable art at the time of the prosecution of the Regenesis Patents;

- The inventive process for the inventions disclosed in and covered by the claims of the Regenesis Patents;
- The material prior art and the knowledge of the same prior to or during the court of the prosecution of the Regenesis Patents;
- The intent to withhold the material prior art references from the examiner;
- The licensing of the '132 Patent;
- Regenesis's financial records relevant to Cascade's damages calculations;
- Invalidity of the Regenesis Patents;
- Unenforceability of the Regenesis Patents;
- Cascade's non-infringement of the Regenesis Patents;
- Regenesis's anti-competitive actions and unfair business practices used to achieve a monopoly in the national market for in situ ground water remediation using colloidal activated carbon;
- Regenesis's interference with Cascade's contracts and business expectancies; and
- Experts and their opinions.

Cascade intends to depose the inventors named on the Regenesis Patents, and Matthew A. Newboles as prosecuting counsel with respect to, without limitation, the prosecution of the Regenesis Patents. Cascade also intends to depose Scott Wilson, and any other Regenesis employees, representatives, or agents involved in the invention, prosecution, or enforcement of the Regenesis Patents. Cascade also intends to depose witnesses concerning Regenesis's anti-competitive practices used to establish its monopoly in the market for in situ remediation using colloidal activated carbon. Cascade will depose any testifying experts disclosed by Regenesis.

Regenesis anticipates that, in addition to the above subjects identified by Cascade, discovery will be needed on the following subjects:

- Facts and circumstances surrounding Cascade's products and services, and Cascade's acts of direct and indirect infringement in connection with the marketing or sale of such products and services;
- Facts and circumstances surrounding acts of infringement by third parties induced by Cascade;
- Cascade's revenues and profits on its sales of goods and/or services in connection with Cascade's acts of infringement;
- Facts and circumstances surrounding Cascade's knowledge of Regenesis' patents at the time of Cascade's infringement, and whether Cascade may or may not have had a good-faith belief that its conduct was noninfringing;
- Facts and circumstances probative to determining a reasonable royalty at a hypothetical negotiation commencing at the time Cascade commenced its infringement of each infringed-upon Regenesis Patent.

Regenesis intends to depose applicable witnesses associated with all of the above subjects, as well as any testifying experts disclosed by Cascade.

As the issues are not yet fully developed, and each Party's investigation is ongoing, such Party reserves the right to identify additional discovery subjects and individuals to be deposed at a later date, as well as the right to rely on any admissible evidence, whether identified above or not, at any hearing in this action.

**11. Discovery Cut-off**

The Parties' proposed deadline for the completion of discovery is July 11, 2025.

**12. Expert Discovery**

The Parties' proposed deadline for the party with the burden of proof to designate expert witnesses is April 18, 2025. The Parties' proposed deadline to disclose rebuttal experts is May 30, 2025. The Parties' proposed deadline for the completion of expert discovery is June 11, 2025.

### 13. Dispositive Motions

Cascade anticipates filing a motion for summary judgment as to all claims of the FAC.

Regenesis believes its pending Rule 12(b)(6) motion should be dispositive of claims 2 and 4-8 of the FAC. Regenesis anticipated filing a motion for summary judgement as to claims 1 and 3 of the FAC, as well as to any of claims 2 and 4-8 which may survive the pending Rule 12(b)(6) motion.

The Parties have not identified any issues that may be resolved by motion *in limine* given the early stage of this litigation.

### 14. Settlement/Alternative Dispute Resolution (ADR)

The Parties briefly discussed settlement and ADR options during their Rule 26(f) conference on February 9, 2024. As of the date of this report, the parties have not reached a settlement, but each party confirmed to the other that they would be open to further discussions on the topic of settlement, and would not exclude the possibility of resolving the case short of a final judgment in their favor.

### 15. Trial Estimate

The Parties estimate ten (10) days for trial of all claims and counterclaims. A jury has been demanded.

### 16. Trial Counsel

Nathan T. Paine will serve as lead trial counsel on behalf of Cascade, assisted by Kyle Straughan, Raffi Zerounian, and Robert A. McFarlane. Gregory K. Clarkson and Brandon Story shall serve as co-lead trial counsel on behalf of Regenesis, assisted by Matthew A. Newboles, Ben Roxborough, and Ashe Pure.

### 17. Independent Expert or Master

The Parties do not believe a scientific expert or master is appropriate for this case.

### 18. Timetable

The Parties have completed the Schedule of Pretrial and Trial Dates, attached hereto as Exhibit A.

### 19. Amending Pleadings and Adding Parties

Unless otherwise ordered by the Court in its decision on Regenesis's 12(b)(6) motion, Cascade does not anticipate filing a motion to amend pleadings or add additional parties at this time.

Regenesis anticipates, once the preliminary issues of its 12(b)(6) motion are resolved, filing an answer containing counterclaims of patent infringement against Cascade.

### 20. Other Issues

The Parties agree to and request that the Court adopt the Patent Local Rules of the Northern District of California to govern this case, with the timing requirements modified in accordance with the Chart of Exhibit A, with the Chart of Exhibit A controlling over any inconsistency between the two.  The parties are not aware of other issues that may facilitate the just, speedy and inexpensive disposition of this matter.

### 21. Consent to Proceed before Magistrate Judge

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

1    Dated: February 16, 2024

2
     *s/* Nathan T. Paine                          /s/ Gregory K. Clarkson
3    Nathan T. Paine (admitted *pro hac vice*)     Matthew A. Newboles, CSB #167196
     Kyle B. Straughan (admitted *pro hac*         Gregory K. Clarkson CSB #298712
4    *vice*)                                       **Stetina Brunda Garred & Brucker**
5    **Karr Tuttle Campbell**                      75 Enterprise, Suite 250
     701 Fifth Avenue, Suite 3300                  Aliso Viejo, California 92656
6    Seattle, WA 98104                             Tel: (949) 855-1246
7    Tel:  206-223-1313                            Fax: (949) 855-6371
     Fax:  206-682-7100                            mnewboles@stetinalaw.com
8    npaine@karrtuttle.com                         gclarkson@stetinalaw. com
9    kstraughan@karrtuttle.com

10                                                 Brandon H. Story, CSB #289090
     Robert A. McFarlane, CSB #172650              Ashi P. Puri, CSB #297814
11   **Hanson Bridgett LLP**                       **Maynard Nexsen LLP**
12   1676 N California Blvd, Suite 620             Two Embarcadero Center, Suite 1450
     Walnut Creek, CA 94596-7464                   San Francisco, CA 94111
13   Tel:  415-995-5072                            Tel: (415) 646-4703
14   Fax:  415-995-3572                            bstroy@maynardnexsen.com
     rmcfarlane@hansonbridgett.com                 apuri@maynardnexsen.com
15
16   Raffi V. Zerounian, CSB #236388               *Attorneys for Defendant,*
17   **Hanson Bridgett LLP**                       *Regenesis Bioremediation Products,*
     777 S Figueroa St, Suite 4200                 *Inc.*
18   Los Angeles, CA 90017
19   Tel:  213-395-7621
     rzerounian@hansonbridgett.com
20
21   *Attorneys for Plaintiff, Cascade*
     *Drilling, L.P.*
22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to both signatories to this Joint Rule 26(f) Report and that I obtained authorization from Gregory Clarkson, attorney for Defendant Regenesis Bioremediation Products, Inc., to affix his electronic signature to this document.

Dated: February 16, 2024

By: /s/ Nathan T. Paine
NATHAN T. PAINE

# EXHBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| | |
|---|---|
| **Case No.:** | 8:23-CV-02108-JWH-ADS |
| **Case Name:** | Cascade Drilling, L.P. v. Regenesis Bioremediation Products, Inc. |

| Event | Parties' Requested Date Month/Date/Year | Court's Order |
|---|---|---|
| ☒ Jury Trial *or* <br> ☐ Bench Trial (Monday at 9:00 a.m.) <br> Length: 10 days | February 2, 2026 | |
| Final Pretrial Conference [L.R. 16] **(Friday-17 days before trial date)** | January 16, 2026 | |
| Hearing on Motions *in Limine* **(Friday-7 days before Final PTC)** | January 9, 2026 | |
| Last Date to Hear Non-Discovery Motions | September 19, 2025 | |
| Parties to file any reply brief(s) for dispositive motions and *Daubert* motion(s) | September 5, 2025 | |
| Parties to file any response brief(s) for dispositive motion and *Daubert* motion(s) | August 22, 2025 | |
| Parties to file any case dispositive motion(s) and *Daubert* motion(s) | August 1, 2025 | |
| Final Discovery Cut-Off (including hearing all discovery motions) | July 11, 2025 | |
| Parties to serve Rebuttal Expert Reports | May 30, 2025 | |
| Parties to serve Initial Expert Reports on issues for which a | April 18, 2025 | |

| | | |
|---|---|---|
| party bears the burden of proof | | |
| Claim construction hearing | March 15, 2025 (subject to the convenience of the court's calendar) | |
| Defendant to file reply claim construction brief (10 pages) | March 1, 2025 | |
| Plaintiff to file responsive claim construction brief | February 21, 2025 | |
| Defendant to file opening claim construction brief | February 7, 2025 | |
| Completion of Claim Construction Discovery | January 20, 2025 | |
| Parties to submit joint claim construction and prehearing statement | December 20, 2024 | |
| Last Date to Conduct Settlement Conference | November 8, 2024 | |
| Plaintiffs to serve final invalidity contentions and identification of invalidity references | November 1, 2024 | |
| Defendant to serve final infringement contentions | October 25, 2024 | |
| Exchange list of claim terms and proposed constructions | October 18, 2024 | |
| Joinder of other parties and amendments of pleadings | October 4, 2024 | |
| Plaintiff to serve initial invalidity contentions | May 25, 2024 | |
| Defendant to serve initial asserted claims and infringement contentions | April 26, 2024 | |
| Application to Court for Protective Order and ESI Order | Ten (10) days after entry of Scheduling Order | |
| R. 26(a)(1) initial disclosures | April 14, 2024 | |

ADR [L.R. 16-15] Settlement Choice:

☐   Attorney Settlement Officer Panel

☒   Private Mediation

☐   Magistrate Judge