Nathan T. Paine (admitted *pro hac vice*)
Kyle B. Straughan (admitted *pro hac vice*)
Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:  206-223-1313
Facsimile:  206-682-7100
Email:  dvasquez@karrtuttle.com

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION AT SANTA ANA**

| | |
|---|---|
| CASCADE DRILLING, L.P., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> REGENESIS BIOREMEDIATION PRODUCTS, INC., <br><br> Defendant/Counterclaim-Plaintiff. | CASE NO. 8:23-CV-02108-JWH-ADS <br><br> Hon. John W. Holcomb <br><br> REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTERCLAIM-PLAINTIFF REGENESIS BIOREMEDIATION PRODUCTS, INC.'S COUNTERCLAIMS |

Plaintiff/Counterclaim-Defendant Cascade Drilling, L.P. ("Cascade") hereby submits this Reply and Affirmative Defenses to the Counterclaims of Defendant/Counterclaim-Plaintiff Regenesis Bioremediation Products, Inc. ("Regenesis").

## THE PARTIES

1. Cascade lacks sufficient knowledge or information as to the truth of the allegations in Paragraph 1 of the Counterclaims and therefore denies the same.

2. Cascade admits Paragraph 2 of the Counterclaims.

REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS - 1
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## JURISDICTION AND VENUE

3. Paragraph 3 of the Counterclaims contains legal conclusions that do not require an answer.

4. Paragraph 4 of the Counterclaims contains legal conclusions that do not require an answer.

5. Cascade admits it filed its Second Amended Complaint against Regenesis in this Court. The rest of Paragraph 5 of the Counterclaims contains legal conclusions that do not require an answer.

6. Cascade admits that it consented to venue in this district by filing this action. The remaining statements in Paragraph 6 of the Counterclaims are legal conclusions that do not require an answer.

7. Paragraph 7 of the Counterclaims contains legal conclusions that do not require an answer.

8. Cascade admits Paragraph 8 of the Counterclaims.

## BACKGROUND AND REGENESIS' PATENTS

9. Cascade lacks sufficient knowledge or information as to the truth of the allegations in Paragraph 9 of the Counterclaims and therefore denies the same.

10. Cascade admits that Exhibit A appears to be a true and correct copy of the '132 Patent. Cascade lacks sufficient knowledge or information as to the truth of the other allegations in Paragraph 10 of the Counterclaims and therefore denies the same.

11. Cascade admits that Exhibit B appears to be a true and correct copy of the '743 Patent. Cascade lacks sufficient knowledge or information as to the truth of the other allegations in Paragraph 11 of the Counterclaims and therefore denies the same.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 2
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

12. Cascade admits that Exhibit C appears to be a true and correct copy of the '898 Patent. Cascade lacks sufficient knowledge or information as to the truth of the other allegations in Paragraph 12 of the Counterclaims and therefore denies the same.

13. Cascade denies that Exhibit D is a true and correct copy of the '898 Patent. Cascade lacks sufficient knowledge or information as to the truth of the other allegations in Paragraph 13 of the Counterclaims and therefore denies the same.

14. Cascade denies that Exhibit E is a true and correct copy of the '898 Patent. Cascade lacks sufficient knowledge or information as to the truth of the other allegations in Paragraph 14 of the Counterclaims and therefore denies the same.

15. Cascade denies that Exhibit F is a true and correct copy of the '898 Patent. Cascade admits that as of the time Regenesis filed its Counterclaims the validity of the '943 Patent had not been at issue, but Cascade now challenges the validity of the '943 Patent as well. Cascade lacks sufficient knowledge or information as to the truth of the other allegations in Paragraph 15 of the Counterclaims and therefore denies the same.

16. While it challenges the validity of the Asserted Regenesis Patents, Cascade admits the Asserted Regenesis Patents purport to have claims directed to compositions and methods for remediation.

17. Cascade lacks sufficient knowledge or information as to the truth of the allegations in Paragraph 17 of the Counterclaims and therefore denies the same.

18. Cascade lacks sufficient knowledge or information as to the truth of the allegations in Paragraph 18 of the Counterclaims and therefore denies the same.

19. Cascade lacks sufficient knowledge or information as to the truth of the allegations in Paragraph 19 of the Counterclaims and therefore denies the same.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 3
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## CASCADE'S INFRINGEMENT OF THE REGENESIS PATENTS

20. Cascade admits Paragraph 20 of the Counterclaims.

21. Paragraph 21 of the Counterclaims contains legal conclusions that do not require an answer. To the extent an answer is required, Cascade denies Paragraph 21 of the Counterclaims.

22. Paragraph 22 of the Counterclaims contains legal conclusions that do not require an answer. To the extent an answer is required, Cascade denies Paragraph 22 of the Counterclaims.

23. Paragraph 23 of the Counterclaims contains legal conclusions that do not require an answer. To the extent an answer is required, Cascade denies Paragraph 23 of the Counterclaims.

24. Paragraph 24 of the Counterclaims contains legal conclusions that do not require an answer. To the extent an answer is required, Cascade denies Paragraph 24 of the Counterclaims.

25. Cascade admits that Regenesis has attached a claim chart as Exhibit G to its counterclaims. Cascade denies the other allegations in Paragraph 25 of the Counterclaims.

## FIRST CAUSE OF ACTION
### Infringement of U.S. Patent No. 7,585,132

26. Cascade incorporates by reference all answers from the paragraphs above as if set forth herein.

27. Cascade lacks sufficient knowledge or information as to the truth of the allegations in Paragraph 27 of the Counterclaims and therefore denies the same.

28. Paragraph 28 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 28 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 4
CASE NO. 8:23-CV-02108-JWH-ADS

#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

29. Paragraph 29 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 29 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

30. Paragraph 30 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 30 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

31. Paragraph 31 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 31 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

## SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 9,770,743

32. Cascade incorporates by reference all answers from the paragraphs above as if set forth herein.

33. Cascade admits that Regenesis is the owner of the '743 Patent. The other statements of Paragraph 33 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 33 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

34. Paragraph 34 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 34 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

35. Paragraph 35 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 35 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 5
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

36. Paragraph 36 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 36 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

37. Paragraph 37 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 37 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

## THIRD CAUSE OF ACTION

### Infringement of U.S. Patent No. 9,776,898

38. Cascade incorporates by reference all answers from the paragraphs above as if set forth herein.

39. Cascade admits that Regenesis is the owner of the '898 Patent. The other statements of Paragraph 39 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 39 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

40. Paragraph 40 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 40 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

41. Paragraph 41 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 41 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

42. Paragraph 42 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 42 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 6
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

43. Paragraph 43 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 43 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

## FOURTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 10,004,684

44. Cascade incorporates by reference all answers from the paragraphs above as if set forth herein.

45. Cascade admits that Regenesis is the owner of the '684 Patent. The other statements of Paragraph 45 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 45 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

46. Paragraph 46 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 46 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

47. Paragraph 47 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 47 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

48. Paragraph 48 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 48 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

49. Paragraph 49 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 49 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 7
CASE NO. 8:23-CV-02108-JWH-ADS

#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## FIFTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 10,512,957

50. Cascade incorporates by reference all answers from the paragraphs above as if set forth herein.

51. Cascade admits that Regenesis is the owner of the '957 Patent. The other statements of Paragraph 51 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 51 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

52. Paragraph 52 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 52 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

53. Paragraph 53 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 53 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

54. Paragraph 54 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 54 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

55. Paragraph 55 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 55 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

## SIXTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 11,278,943

56. Cascade incorporates by reference all answers from the paragraphs above as if set forth herein.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 8
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

57. Cascade admits that Regenesis is the owner of the '943 Patent. The other statements in Paragraph 57 of the Counterclaims contain only legal conclusions to which no answer is required. To the extent any statement in Paragraph 57 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

58. Paragraph 58 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 58 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

59. Paragraph 59 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 59 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

60. Paragraph 60 of the Counterclaims contains only legal conclusions to which no answer is required. To the extent any statement in Paragraph 60 of the Counterclaims may be construed as a factual allegation, the allegation is denied.

## **PRAYER FOR RELIEF**

No response to the Prayer for Relief is required. To the extent a response is required, Cascade denies that Regenesis is entitled to any of the requested relief on its counterclaims.

## **AFFIRMATIVE DEFENSES**

Cascade hereby asserts the following affirmative defenses to Regenesis's Counterclaims. Cascade undertakes the burden of proof only as to the defenses that are deemed affirmative defenses as a matter of law.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 9
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

### First Affirmative Defense

(Non-infringement)

Cascade has not infringed and does not infringe the patents asserted by Regenesis ("Asserted Patents") either directly or indirectly, and either literally or under the doctrine of equivalents.

### Second Affirmative Defense

(Invalidity)

The Asserted Patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112. The Asserted Patents are invalid under 35 U.S.C. § 101 on the basis that the named inventors did not "invent or discover any new and useful process . . . or composition of matter." The Asserted Patents are invalid under 35 U.S.C. § 102 on the basis that the claimed inventions were patented, described in printed publications, in public use, and otherwise available to the public before the effective filing date of the claimed inventions. *See, e.g.*, Dkt. 45 at ¶¶ 104-108, 121-186. The Asserted Patents are invalid under 35 U.S.C. § 103 on the basis that they would have been obvious to a person having ordinary skill in the art to which they pertain prior to their effective filing dates. *See id.* The Asserted Patents are invalid under 35 U.S.C. § 112 on the basis that they do not provide sufficient written description as to enable any person skilled in the art to which the claimed inventions pertain. With regard to the '943 Patent, the bases for its invalidity under 35 U.S.C. § 102, 103, and 112 are described in Cascade's invalidity contentions that will be served on July 15, 2024, and incorporated by reference herein, along with further description of the invalidity of the other asserted patents under the same statutes.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 10
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

### Third Affirmative Defense

(Unenforceability)

The Asserted Patents are unenforceable due to inequitable conduct before the United States Patent and Trademark Office as meticulously detailed in Cascade's Second Amended Complaint.

### Fourth Affirmative Defense

(Equitable Estoppel)

Regenesis is barred by the doctrine of equitable estoppel on the basis that Regenesis has intentionally chosen not to enforce the Asserted Patents since at least as early as July 29, 2021 despite widespread claims that Cascade and others are infringing. As Cascade and other participants in the relevant market have relied on this non-enforcement, they would be unduly prejudiced were Regenesis permitted to bring such claims now.

### Fifth Affirmative Defense

(Unclean Hands)

As meticulously alleged in the Second Amended Complaint, Regenesis has acted inequitably in the procurement of the Asserted Patents and as such its claims are barred by the equitable doctrine of unclean hands.

Cascade reserves the right supplement or amend these affirmative defenses.

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 11
CASE NO. 8:23-CV-02108-JWH-ADS

#5637618 v1 / 45923-015

K&#65279;ARR T&#65279;UTTLE C&#65279;AMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Dated this 12th day of July, 2024.

*s/ Nathan T. Paine*
Nathan T. Paine (admitted *pro hac vice*)
Kyle B. Straughan (admitted *pro hac vice*)
**Karr Tuttle Campbell**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: dvasquez@karrtuttle.com

*s/ Robert A. McFarlane*
Robert A. McFarlane, CSB #172650
**Hanson Bridgett LLP**
1676 N California Blvd, Suite 620
Walnut Creek, CA 94596-7464
Telephone: 415-995-5072
Facsimile: 415-995-3572
Email: rmcfarlane@hansonbridgett.com

Raffi V. Zerounian, CSB #236388
**Hanson Bridgett LLP**
777 S Figueroa St, Suite 4200
Los Angeles, CA 90017
Telephone: 213-395-7621
Email: rzerounian@hansonbridgett.com

*Attorneys for Plaintiff/Counterclaim-Defendant Cascade Drilling, L.P.*

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 12
CASE NO. 8:23-CV-02108-JWH-ADS
#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# CERTIFICATE OF SERVICE

I, Sandy Watkins, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused to be filed with the Court a true and correct copy of the foregoing document via the Court's electronic filing system, which caused service of the document to all parties registered to receive notifications through CM/ECF.

Dated this, July 12, 2024 at Seattle, Washington.

*s/Sandy Watkins*
Legal Assistant

REPLY AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS - 13
CASE NO. 8:23-CV-02108-JWH-ADS

#5637618 v1 / 45923-015

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100