Matthew A. Newboles (SBN 167,196)
Gregory K. Clarkson (SBN 298,712)
**STETINA BRUNDA GARRED & BRUCKER**
75 Enterprise, Suite 250
Aliso Viejo, California 92656
Tel: (949) 855-1246
*mnewboles@stetinalaw.com*
*gclarkson@stetinalaw.com*
*litigation@stetinalaw.com*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Cascade Drilling, L.P., <br><br> Plaintiff, <br><br> v. <br><br> Regenesis Bioremediation Products, Inc., <br><br> Defendant. | Case No. 8:23-cv-02108-JWH-ADS <br><br> Hon. Autumn D. Spaeth <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS** <br><br> Date: August 28, 2024 <br> Time: 10:00 AM <br> Courtroom: 6B |

Cascade's arguments in opposition to Regenesis's Motion to Compel consists essentially of attempts to distract and deflect from the actual substance of the Motion. Rather than address any of the actual caselaw that Regenesis has cited, Cascade has instead focused the majority of its efforts on making trivial, procedural, bad-faith arguments about the local rules and the formatting of the correspondence and briefs.

## I. Cascade's Procedural Arguments

Cascade's first procedural argument appears to be that Regenesis's extremely detailed 5-page, single-spaced letter (Clarkson Decl., Ex. E), which initiated the process

of L.R. 37-1, is noncompliant with the local rules. Cascade seems to take a generalized issue with the formatting of the letter, but seems unable to pinpoint with any clarity how exactly any rule was violated. The letter complies with every aspect of the Local Rules, which clearly do not strictly dictate *the exact format* such letters must take. Regenesis is not obligated to conform its letters to some sort of exacting, unspecified format of Cascade's liking, nor did Cascade seem to have any difficulty whatsoever understanding Regenesis's positions as set forth in the letter. Rather, this argument is simply a flimsy attempt to distract from the substance of the Motion at hand.

Cascade's next argument relates to the sufficiency of the conference of counsel. Again, this seems to represent more sidetracking by Cascade about procedural matters, in order to further distract from the substance of the Motion. As may be seen from the exhibits attached to the Joint Stipulation it was very clear from the positions set forth in both parties' respective correspondence transmitted prior to the conference of counsel that Regenesis presented several proposals for resolution of this dispute (Clarkson Decl., Ex. E at p. 2) which would eliminate the necessity of judicial intervention, as the Local Rules required, and that all of those proposals were directly rejected by Cascade, as stated in their response letter transmitted the day before the conference (Clarkson Decl., Ex. F at p. 9). At the conference, this understanding was reconfirmed by the parties. Cascade seems to be arguing that because they had rejected the for resolution prior to the conference of counsel, the Local Rules somehow required Regenesis to formulate and then present <u>brand-new proposals</u> for resolution of the dispute at the conference of counsel, beyond what it had already proposed in its letter. This is not what the rules require.

Cascade's final argument relates to the formatting of the Joint Stipulation. Specifically, Cascade seems to object that Regenesis has presented its substantive arguments in a "Contentions of Points and Authorities" section, rather than in the "Issues in Dispute" section of the Joint Stipulation. Regenesis does not read the local rules to require the particular formatting Cascade seems to advocate for. Furthermore, Cascade

seemed to have no difficulty understanding the positions taken by Regenesis, and Cascade's counsel signed and approved of the filing of the Joint Stipulation.  If Cascade truly believed that Regenesis's choice of formatting somehow represented an actual breach of procedure, or has served as a barrier to or otherwise negatively impacted their ability to respond to the arguments being made, they certainly could have refused to sign the Joint Stipulation on that basis. Instead, it is clear that this is nothing more than an attempt to manufacture yet another dispute to distract from the substance of the Motion.

These are all brazen attempts by Cascade to manufacture trivial, bad-faith procedural disputes, in an effort to distract from the core substance of the actual motion. There have been no violations of the Local Rules, and even if Cascade might have actually identified certain, extremely minor technical violations, the spirit of the rules were plainly complied with, and Cascade can certainly identify no harm done to it.  The Court should ignore these attempts to divert its focus from the actual issues at hand.

## II. <u>Cascade's Substantive Arguments</u>

### a. <u>"Rule 11 Discovery"</u>

Cascade's arguments as to "Rule 11 discovery" are nonsensical, and cannot be seriously considered.  If Cascade's position were accepted by the Court, then no party would ever need to answer any contention interrogatories regarding the underlying support of the connections they have presented in a pleading, because the responses <u>*might*</u> reveal that Rule 11 was violated, if the answer happens to be that that the contention had no underlying support. This is obviously not the state of the law, and Cascade has pointed to no good caselaw which support the extreme position it has taken.

The nonsensical aspect of Cascade's position is demonstrated by their own portions of the Joint Stipulation, where Cascade notes that "Generally, parties proceed through litigation and only after they discover that the plaintiff had no evidence supporting the allegations in its complaint…."  This is exactly the purpose of the discovery process, and these discovery requests in particular: to allow a party to discover what evidence the other side has to support the allegations in their complaint.

Incredibly, Cascade seems to now contend that a defendant serving discovery requests which asks the plaintiff to describe and produce the evidence in its possession which supports the allegations of its complaint (discovery requests which are propounded in **nearly every single case**) constitutes "intimidating" a plaintiff "to drop its claims." This argument is ludicrous, and underlines just how extreme and unsupported Cascade's position is.

b.  *Privilege Objections*

Cascade's arguments on the basis of work product and attorney client privilege are also insufficient, and they have not responded to any of Regenesis's arguments in this regard. In particular, Cascade has provided no response to the arguments relating to (a) the *Pastrana v. Local 5909* case which directly rebuts Cascade's position, (b) the fact that Cascade has refused to provide any sort of privilege log which would actually allow Regenesis to evaluate any of these claims of privilege, or (c) the fact that such objections clearly violate the "sword and shield" doctrine. Cascade has not responded to these arguments because they have no good response, so they have elected to ignore them.

c.  *"Discovery is Incomplete"/"Discovery has Only Just Begun" Objections*

Cascade also ignores and provides no response to the caselaw cited by Regenesis that directly rebuts their position that they need not answer the contention interrogatories and the related requests "until closer to the conclusion of fact discovery." Specifically, the *Pinn v. Apple* case cited by Regenesis very clearly notes that objections on the basis that "discovery is continuing" represent "an inadequate basis for not producing documents or answering interrogatories" Specifically, that case notes that "Rule 11 requires plaintiffs to have a basis for their allegations in the complaint, and contention interrogatories seek information about that basis; thus, an objection [to such interrogatories] that '[d]iscovery has only just begun' makes no sense at all."

d.  *Relevance Objections*

Cascade somehow claims that the discovery requests seek "discovery that is not relevant to the dispositions of its claims and defenses." This is a ludicrous position. The

requests ask Cascade to provide the underlying evidentiary support in its knowledge or possession for the factual contentions they themselves have presented in their own complaint, which form the basis for the claims they make against Regenesis which form the action. There can be nothing more relevant to the disposition of this action.

  e. *Burden Objections*

Cascade finally claims that the discovery requests are "overbroad and unduly burdensome" because they "requires Plaintiff to identify and describe in detail all evidence, knowledge, witnesses, documents, and investigations supporting each specific contention identified in the interrogatory's subparts, most all of which concern certain acts and omissions of Defendant and its employees/agents." But the discovery requests do not do this at all. The interrogatory is limited to information or things "known to or in possession of Plaintiff on or before April 12, 2024…," the RFP seeks "all documents and things which were in plaintiff's possession, custody, or control on or before April 12, 2024" and the RFA's all relate to Plaintiff's personal knowledge or possession of things "on or before April 12, 2024." And again, Regenesis made this exact point in the Joint Stipulation, and Cascade has provided no response, electing to simply ignore it.

## III. Conclusion

The Motion should be granted. Further, the Court should require Defendant to bear the costs and attorneys' fees associated with making the Motion.

Respectfully Submitted,

Dated: August 14, 2024  STETINA BRUNDA GARRED & BRUCKER

By: /s/Gregory K. Clarkson
  Matthew A. Newboles
  Gregory K. Clarkson

Attorneys for Defendant
*Regenesis Bioremediation Products, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system on August 14, 2024.

<u>/s/Gregory K. Clarkson</u>
Gregory K. Clarkson