# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASCADE DRILLING, L.P., | Case No. 8:23-cv-02108-JWH-ADS |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [ECF No. 82]** |
| REGENESIS BIOREMEDIATION PRODUCTS, INC., | |
| Defendant. | |
| REGENESIS BIOREMEDIATION PRODUCTS, INC., | |
| Counterclaimant, | |
| v. | |
| CASCADE DRILLING, L.P., | |
| Counterdefendant. | |

Before the Court is the motion of Defendant and Counterclaimant Regenesis Bioremediation Products, Inc. for an award of sanctions against Plaintiff and Counterdefendant Cascade Drilling, L.P.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and opposition,[2] the Court **DENIES** the Motion, for the reasons set forth herein.

## I. BACKGROUND

The parties are familiar with the history of this case.  As relevant here, Cascade commenced this action in November 2023,[3] and it filed its First Amended Complaint in January 2024.[4]  In its First Amended Complaint, Cascade asserted eight claims for relief:

- declaratory judgment of invalidity;
- declaratory judgment of unenforceability;
- declaratory judgment of non-infringement;
- violation of § 2 of the Sherman Act (*Walker Process* fraud);
- tortious interference with contract;
- tortious interference with prospective economic advantage;
- unfair business practices; and
- false advertising.[5]

---

[1]  Def.'s Mot. for Sanctions (the "Motion") [ECF No. 82].

[2]  The Court considered the documents of record in this action, including the following papers:  (1) Motion (including its attachments); (2) Pl.'s Opp'n to Motion (the "Opposition") [ECF No. 83] (including its attachments); and (3) Def.'s Reply in Support of Motion (the "Reply") [ECF No. 84].

[3]  *See* Complaint [ECF No. 1].

[4]  *See* First Amended Complaint [ECF No. 26].

[5]  *See generally id.*

Regenesis moved to dismiss Cascade's second, fourth, fifth, seventh, and eighth claims for relief, arguing that Cascade had inadequately pleaded that Regenesis engaged in inequitable conduct.[6]  The Court conducted a hearing on Regenesis's First Motion to Dismiss in March 2024, and, during that hearing, the Court granted that Motion with leave to amend.[7]

Cascade filed its Second Amended Complaint in May 2024,[8] and Regenesis again moved to dismiss Cascade's second, fourth, fifth, sixth, seventh, and eighth claims for relief.[9]  In its Second Motion to Dismiss, Regenesis argued that Cascade still had not adequately alleged that Regenesis engaged in inequitable conduct.[10]  The Court conducted a hearing on Regenesis's Second Motion to Dismiss in June 2024, at which time Regenesis urged the Court to dismiss the Second Amended Complaint with prejudice because Regenesis did not "want to have discovery and spend millions of dollars on a conclusory allegation."[11]

The Court denied Regenesis's Second Motion to Dismiss.[12]  After the Court announced its ruling, counsel for Regenesis referenced Rule 11 of the

---

[6]   See Def.'s Mot. to Dismiss Pl.'s Second, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action (the "First Motion to Dismiss") [ECF No. 29].

[7]   See Minutes of Hr'g re the First Motion to Dismiss [ECF No. 36]; see also Transcript for Proceedings Held on March 1, 2024 [ECF No. 40].

[8]   See Second Amended Complaint [ECF No. 52].

[9]   See Def.'s Mot. to Dismiss Pl.'s Second, Fourth Fifth, Sixth, Seventh, and Eighth Claims of Second Amended Complaint (the "Second Motion to Dismiss") [ECF No. 49].

[10]   See id.

[11]   See Transcript for Proceedings Held on June 7, 2024 (the "Transcript of June 7, 2024, Hearing") [ECF No. 75] 22:21–23.

[12]   See Minutes of Hr'g re the Second Motion to Dismiss [ECF No. 58]; see also Transcript of June 7, 2024, Hearing 30:1–2.

Federal Rules of Civil Procedure and reiterated that Regenesis believed that Cascade's allegations in its Second Amended Complaint were "not going to be supported by any evidence whatsoever."[13] The Court noted that there were "remedies that exist if it turns out that what the defendant believes to be true is true and plaintiff cannot prove the allegations," including "Rule 11 challenges" or "exceptional case allegations."[14]

On the first business day after that hearing, Regenesis propounded discovery upon Cascade.[15] In those requests, Regenesis identified 21 factual contentions in the Second Amended Complaint and asked Cascade to "identify and describe in detail all" of the "evidence" to support those factual contentions, including the "knowledge, the person(s) having such knowledge, facts, circumstances, documents, and any inquiries or investigations performed and the results thereof, known to or in possession of" Cascade at the time the Second Amended Complaint was filed.[16] Alternatively, Regenesis asked Cascade to admit that Cascade asserted its claims against Regenesis without any factual basis for its allegations.[17]

Cascade objected to Regenesis's discovery and refused to respond.[18] Specifically, Cascade asserted that the requests called for privileged work product and attorney-client communications, and Cascade argued that the requests involved impermissible Rule 11 discovery.[19]

---

[13] Transcript of June 7, 2024, Hearing 31:2–3.

[14] *Id.* at 31:8–15.

[15] *See* Motion to Compel [ECF No. 63] 4:7–10.

[16] *See* Motion, Ex. B (the "Interrogatories") [ECF No. 82-5].

[17] *See* Motion, Ex. D (the "Requests for Admission") [ECF No. 82-7].

[18] *See generally* Motion to Compel.

[19] *See, e.g.*, Requests for Admission 4:24–26.

In July 2024, Regenesis asked the Court to "issue an order requiring lead counsel for the parties . . . to appear at a snap (expedited) mandatory settlement conference" and to order Cascade to "bring to the mandatory settlement conferences verified supplemental responses to the propounded discovery identifying and describing the evidentiary support for the contentions" in the Second Amended Complaint.[20]  The Court denied that request because "it appear[ed] that Regenesis [took] issue with various discovery responses" that Cascade provided.[21]  The Court noted that, if that was the case, then Regenesis "should consider filing an appropriate discovery-related motion."[22]

In August 2024, Regenesis moved to compel Cascade to respond to the discovery.[23]  Regenesis also requested an award of sanctions against Cascade.[24]  The Court granted Regenesis's Motion to Compel and noted that "[a]ttorney-client privilege and work product doctrine objections should be asserted in a privilege log in accordance with the Federal Rules of Civil Procedure."[25]  The Court ordered Cascade to provide amended responses and to produce responsive documents, or to provide a privilege log of documents that Cascade would not produce, and the Court denied Regenesis's request for sanctions.[26]

---

[20] *See* Request for Pretrial Conference [ECF No. 61].

[21] *See* Order Denying Req. for Expedited Mandatory Settlement Conference Before Magistrate Judge [ECF No. 62] 3:1–3.

[22] *Id.* at 3:3–4.

[23] *See* Motion to Compel.

[24] *See id.*

[25] *See id.*; Transcript of Proceedings Held on August 28, 2024 ("Transcript of August 28, 2024, Hearing") [ECF No. 77] 15:12–14.

[26] Transcript of August 28, 2024, Hearing 15:7–15.

Cascade provided amended responses in September 2024, and it supplemented those responses with a privilege log.[27] In October 2024, Regenesis filed the instant Motion for Rule 11 sanctions.[28]

## II.  LEGAL STANDARD

An attorney is subject to sanctions under Rule 11 when he or she presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law."  Fed. R. Civ. P. 11(b)(2).

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted).  As shorthand for that test, the word "frivolous" "denote[s] a filing that is both baseless and made without a reasonable and competent inquiry."  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996)).

"[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue:  whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."  *GN Resound A/S v. Callpod, Inc.*, 2013 WL 5443046, at *4 (N.D. Cal. Sept. 30, 2013) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).  The Ninth Circuit has counseled that "Rule [11] discourages wasteful, costly litigation battles by mandating the imposition of sanctions when a

---

[27]  *See* Requests for Admission; Interrogatories.

[28]  *See* Motion.

lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). Sanctions should not be imposed, however, when "a reasonable basis for the position exists in both law and in fact at the time that the position is adopted." *Id.*

### III.  ANALYSIS

Regenesis contends that Rule 11 sanctions are appropriate in this case because Cascade filed the Second Amended Complaint "without having any evidentiary support whatsoever for those contentions, nor any reason to believe that evidentiary support would exist following a reasonable opportunity for further investigation or discovery."[29] The only support for Regenesis's instant request arises out of Cascade's discovery responses, which Regenesis views as indisputable proof that Cascade's counsel "simply made up . . . factual contentions, without the requisite underlying evidentiary basis to present them"[30] in order to "harass Regenesis with frivolous claims" and "increas[e] the costs of this litigation."[31] Regenesis thus urges the Court to conclude that Cascade's allegations in its Second Amended Complaint are factually baseless and that Cascade's counsel filed that pleading without conducting a reasonable investigation.[32]

The Court will not draw such conclusions. It is well established that an attorney may conduct interviews as part of a robust Rule 11 investigation, and the attorney may rely upon information learned from interviews with witnesses, or reasonable assumptions based upon those interviews, when filing a complaint.

---

[29] *Id.* at 3:15–18.
[30] *Id.* at 3:18–19.
[31] *Id.* at 3:14-18 & 3:27–28.
[32] *See generally id.*

*See In re Tesla Motors, Inc. Securities Litig.*, 2015 WL 1306490, at *2 (N.D. Cal. Mar. 23, 2015); *see also Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987) (noting that Rule 11 is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories").

Cascade's counsel has sworn that the allegations in the Second Amended Complaint are based upon the investigation of counsel, and, in particular, interviews that Cascade's counsel conducted prior to filing the Second Amended Complaint.[33] To that end, Cascade provided to Regenesis a privilege log that reflects Cascade's representations about that investigation. Specifically, Cascade identified the existence of "[a]ttorney's handwritten interview notes of confidential witnesses" that reveal information about Cascade's decision to pursue inequitable conduct theories.[34]

Standing alone, the existence of Cascade's interview notes is likely a sufficient reason to deny the instant Motion. *See Greenberg*, 822 F.2d at 887. Yet Regenesis argues otherwise, in large part because Regenesis disputes the veracity of Cascade's representations about the interview notes.[35] But the only basis for that dispute appears to be Cascade's refusal to turn over its notes— which, as Regenesis concedes, Cascade was under no obligation to do.[36] *See Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes.").

Despite the privilege protections afforded to Cascade's counsel's interview notes, Regenesis nevertheless maintains that Cascade must produce

---

[33]   *See generally* Opposition.
[34]   *See* Motion, Ex. E [ECF No. 82-8].
[35]   *See* Reply 5:7–11.
[36]   *See id.* at 5:4–11.

the **contents** of those notes, including the facts that Cascade learned through its interviews and the identity of the witnesses whom Cascade interviewed.[37] But Regenesis provides no support for that proposition, and Regenesis fails to explain why Cascade's refusal to reveal the contents of its counsel's notes means that Cascade's counsel "**did not actually learn any facts from any witness which supports its contentions**."[38] Indeed, to the extent that Regenesis believes that it is entitled to information beyond that which Cascade provided, Regenesis should have moved to compel further responses; it should not have jumped to the conclusion that Cascade's counsel "made up" the allegations in the Second Amended Complaint.

The Court also notes that a Rule 11 motion "should *not* be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings." Fed. R. Civ. P. 11, Advisory Committee notes to 1993 Amendments (emphasis added). But that is precisely what Regenesis attempts to do. Rather than file a motion for summary judgment or participate in the typical litigation process, Regenesis asks the Court to conclude that Regenesis could not possibly have engaged in inequitable conduct based only upon Regenesis's far-fetched accusations that Cascade fabricated its allegations. Such tactics are an improper use of Rule 11. *See Energy Monster v. Monster Energy Co.*, 2021 WL 3598862, at *7 (C.D. Cal. Apr. 23, 2021).

Accordingly, the Court **DENIES** the instant Motion.

---

[37] *See id.*

[38] *See id.* at 5:14–15 (emphasis in original).

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Regenesis's Motion for Rule 11 sanctions [ECF No. 82] is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 11, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE