UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. | 8:23-cv-02108-JWH-ADS |
| Date | July 7, 2025 |
| Title | *Cascade Drilling, L.P. v. Regenesis Bioremediation Products, Inc.* |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Priscilla Deason | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):
None Present                            None Present

**Proceedings:   ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION [ECF NO. 128]**

On June 18, 2025, Magistrate Judge Spaeth issued a discovery order compelling Plaintiff Cascade Drilling, L.P. to serve a supplemental interrogatory answer identifying a confidential witness who provided factual information supporting the allegations in Cascade's Second Amended Complaint.[1] The Discovery Order directed Cascade to serve its answer on or before July 9, 2025.[2] On July 1, 2025, Cascade filed a motion for review of the Discovery Order.[3] Cascade also filed an *ex parte* application to stay the Discovery Order pending this Court's disposition of the Motion for Review.[4] Defendant Regenesis Bioremediation Products, Inc. filed an opposition to Cascade's Application.[5] The

---

[1]   Order Granting Defendant's Motion to Compel Interrogatory Responses (the "Discovery Order") [ECF No. 125].

[2]   *Id.*

[3]   Pl.'s Motion for Review of Non-Dispositive Discovery Ruling (the "Motion for Review") [ECF No. 127].

[4]   Pl.'s *Ex Parte* Appl. to Stay (the "Application") [ECF No. 128].

[5]   Def.'s Opp'n to the Application (the "Opposition") [ECF No. 129].

Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15.

After considering the documents of record in this case, including Cascade's Application and Regenesis's Opposition, good cause appearing therefor, the Court hereby **ORDERS** as follows:

1. The Court makes no finding or conclusion regarding whether Cascade's Motion for Review is likely to succeed on the merits. However, because the requested stay is minimal, the Court concludes that a discretionary stay is appropriate.

2. Accordingly, Cascade's instant Application [ECF No. 128] is **GRANTED**.

3. The July 9, 2025, deadline for Cascade to serve its supplemental interrogatory answer is **STAYED** pending the Court's disposition of Cascade's Motion for Review.

**IT IS SO ORDERED.**