# EXHIBIT A

| From: | Gregory Clarkson |
|---|---|
| To: | Nathan.Paine@hklaw.com |
| Cc: | Christie.Masanka@hklaw.com; Raffi Zerounian; Robert A. McFarlane; Matthew A. Newboles; Kyle.Straughan@hklaw.com |
| Subject: | RE: Mediation |
| Date: | Friday, May 8, 2026 1:40:00 PM |
| Attachments: | image001.png |

Counsel:

Our client is not interested in mediation at this time, and will not be attending a mediation it did not agree to.

We will be unilaterally moving to extend and/or vacate the mediation deadline and other deadlines pending the Court's issuance of a Markman Order.

Regards,

Greg Clarkson

**From:** Nathan.Paine@hklaw.com <Nathan.Paine@hklaw.com>
**Sent:** Friday, May 8, 2026 1:04 PM
**To:** Gregory Clarkson <gclarkson@stetinalaw.com>
**Cc:** Christie.Masanka@hklaw.com; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>;      Kyle.Straughan@hklaw.com;      Nathan.Paine@hklaw.com
**Subject:** RE: Mediation

**External Email:** Use caution before clicking links or opening attachments.

I have already provided two bases for conducting a private mediation by June 12, 2026.  First, that is the deadline set by the Court's April 13, 2026 order. Second, the parties previously agreed and represented to the Court that their ADR settlement choice for compliance with the deadline is private mediation. The Court's order and the parties' prior representation to the Court should be reason enough.

And we strongly disagree with the contention that the posture of the case has not changed in the past year.  As we have maintained, the ability for the parties to meaningfully engage in mediation was contingent upon the parties navigating the various discovery issues. From our perspective, we needed the ESI discovery from Regenesis to better evaluate the strengths and weaknesses of the parties' respective claims and defenses. The production of documents was substantially completed in February 2026 and we have since completed our review and

analysis of the discovery. Those important developments now make it possible to fully engage in a meaningful and productive mediation. Even setting aside the mediation, the substantial completion of the ESI discovery phase also puts the parties in position to advance the case towards resolution on the merits. But before spending money on experts and fees in readying the case for trial, it seems like the parties should explore the possibility of an amicable resolution with the assistance of a skilled mediator.

We are not going to engage in any further settlement discussions outside of the mediation. Early in the case Regenesis asked Cascade to make a settlement offer. In good faith, Cascade complied. No counteroffer was ever presented. I believe the only response we received was that Regenesis was no longer interested in engaging in settlement discussions.  And we have never received any indication that Regenesis's refusal to discuss settlement has ever changed.  If it had, we probably would have received a settlement offer by now.

Hearing no objection to Mark LeHocky and receiving no proposal for a different mediator, we will reach out to his scheduling coordinator on his availability.

**Nathan Paine** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Fifth Avenue, Suite 4700 | Seattle, Washington 98104 Phone +1.206.505.4011 | Fax +1.206.505.4099
nathan.paine@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Gregory Clarkson <gclarkson@stetinalaw.com>
**Sent:** Friday, May 8, 2026 11:33 AM
**To:** Paine, Nathan T (SEA - X54011) <Nathan.Paine@hklaw.com>
**Cc:** Masanka, Christie (BOS - X71472) <Christie.Masanka@hklaw.com>; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>; Straughan, Kyle B (SEA - X54010) <Kyle.Straughan@hklaw.com> **Subject:** RE: Mediation

*[External email]*
Mr. Paine:

Mr. Straughan has remained generally civil in his conduct and the tone of his communications throughout this matter, and I do not have any issue with him corresponding to me collegially,

on a first-name basis.  You have not, and therefore you have lost that privilege. This is how things function in professional settings such as the practice of law.

We are not opposed to eventually holding what will hopefully be a productive mediation in this matter. However, given (a) you have not given me any indication that your client's settlement posture has changed in any fashion, and (b) there has been no meaningful change in the posture of the case in the past year, with none of the rulings from Judge Holcomb that we have been awaiting for nearly a year now being made, our client does not believe that mediation at this juncture will be productive.

The only requirement of the Court is that the parties move forward with the ADR process at some point before trial. We do not even have a trial date set yet. We do not understand your desire to drag our client into a mediation at this juncture. I have now asked you multiple times to help me by giving me something that I can take to my client to sell them on the idea of mediation, and you have not.

We also do not believe that serving what would amount to a second set of preliminary infringement contentions and invalidity contention, given the lack of a Markman ruling. We have already served the respective preliminary contentions once.

We suggest continuing to extend these deadlines until the Markman order is issued, as we have been doing. If you will not agree to do so, we will move unilaterally for an extension of those dates and/or for the Court to take these dates off calendar such time as the Markman Order is issued.

Regards,

Gregory Clarkson

---

**From:** Nathan.Paine@hklaw.com <Nathan.Paine@hklaw.com>
**Sent:** Friday, May 8, 2026 10:20 AM
**To:** Gregory Clarkson <gclarkson@stetinalaw.com>; Kyle.Straughan@hklaw.com
**Cc:** Christie.Masanka@hklaw.com; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>; Nathan.Paine@hklaw.com
**Subject:** RE: Mediation

**External Email:** Use caution before clicking links or opening attachments.

While you consider my last email requesting that Regenesis honor its agreement, communicated to the Court, to use a private mediator for the settlement discussions, I must correct the record on one point. Contrary to your recollection, it wasn't actually Kyle that originally suggested that the mediation be delayed until after the Court's entry of the final Markman order. It was indeed your side that proposed it to the Court on March 11th, two months before Kyle's email referenced in your email below.

Also, I am truly perplexed by your sudden aversion to being addressed by your given name. In the attached, 15-page email chain spanning three months, all counsel are freely referring to each other by their first name. Why is it that something you clearly considered to be professional in your own communications to us is now somehow "disrespectful"? Needless to say, I am very confused about your standards for what qualifies as uncivil, hostile, disrespectful, professional, or condescending.

But, again, none of that really matters at this point. The discussion concerning salutations serves no purpose than to distract from what is actually important. The focus should remain on working together to move the case forward towards compliance with the Court's deadline for conducting the agreed private mediation. That starts with reaching an agreement on a mediator or mediators. Then reaching out to the agreed mediator(s) on their availability to schedule it. The sooner the better as the quality mediators generally have packed schedules. If Regenesis is amenable to using Mark, then we can reach out to his scheduling coordinator for his availability.

Hopefully we can reach an agreement on this today as time is of the essence.


**Nathan Paine** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Fifth Avenue, Suite 4700 | Seattle, Washington
98104 Phone +1.206.505.4011 | Fax +1.206.505.4099
nathan.paine@hklaw.com | www.hklaw.com

Add to address book | View professional biography


**From:** Gregory Clarkson <gclarkson@stetinalaw.com>
**Sent:** Thursday, May 7, 2026 6:35 PM
**To:** Paine, Nathan T (SEA - X54011) <Nathan.Paine@hklaw.com>; Straughan, Kyle B (SEA - X54010) <Kyle.Straughan@hklaw.com>
**Cc:** Masanka, Christie (BOS - X71472) <Christie.Masanka@hklaw.com>; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>;

Matthew A. Newboles <mnewboles@stetinalaw.com>
**Subject:** RE: Mediation

*[External email]*
Counsel:

Per my previous email, I requested that you to refer to me as either "Counsel" or "Mr. Clarkson". Not "Hello". I will not be substantively responding to your email until you resend it to me in conformance with my instructions.


Regards,


Gregory Clarkson


---

**From:** Nathan.Paine@hklaw.com <Nathan.Paine@hklaw.com>
**Sent:** Thursday, May 7, 2026 6:31 PM
**To:** Gregory Clarkson <gclarkson@stetinalaw.com>; Kyle.Straughan@hklaw.com
**Cc:** Christie.Masanka@hklaw.com; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>
**Subject:** RE: Mediation

| **External Email:** Use caution before clicking links or opening attachments. |
|---|

Hello,

I don't know what remarks you consider to be condescending to your firm or client. The statement that Regenesis likely spent more money last month expanding the litigation in two separate forums than what a quality mediation would likely cost is nothing more than a basic observation based on decades of experience in litigating these matters. No disparagement was intended in any way shape or form.

To be honest, I am having a hard time deciphering what you consider to be and not be a professional tone or uncivil remark. Here are just a handful of your own statements.

"we will view your vague and nonspecific allegations as having no credibility, and simply being petulant and querulous grumbling on behalf of your client due to the fact that he has now had his hand caught in the cookie jar"

"This is part of your continuing pattern of 'Rambo' litigation tactics where you refuse to cooperate on even the most uncontroversial issues. The Court will see through this blatantly bad faith tactic."

"it appears that you are being uncooperative for the sake of being uncooperative, in order to force our client to incur costs and to waste the Court's time with an issue that reasonable parties should readily agree to, and which the Court expects parties to agree to. This is the definition of multiplying proceedings unreasonably and vexatiously under 28 U.S.C. 1927. I hope you will reconsider, because I believe that the Court will view your failure to cooperate very poorly."

"Rather, Cascade and/or its counsel simply made up these new factual contentions, without the requisite underlying evidentiary basis to present them."

"it is clear that Cascade's counsel ignored their obligations to conduct a reasonable and competent inquiry into the basis of the claims that they presented."

Of course, there are many such other examples in the motion for Rule 11 sanctions you filed in which you, as the Court noted, "should not have jumped to the conclusion that Cascade's counsel 'made up' the allegations in the Second Amended Complaint." Dkt. 97 at 9. In the same order, the Court described "Regenesis's far-fetched accusations that Cascade fabricated its allegations…an improper use of Rule 11." Is that statement uncivil? Needless to say, I am very confused by what you consider to be unprofessional or uncivil.  But that is neither here nor there, really.

Back to the topic at hand, the reason I reached out was to begin the process of coordinating a mediation to comply with the Court's deadline. We are not going to agree to use the mediation panel. The parties had already agreed, and represented to the Court, that they would use a private mediator.  The agreement was memorialized in the Joint Rule 26(f) Report:

ADR [L.R. 16-15] Settlement Choice:
- ☐ Attorney Settlement Officer Panel
- ☒ Private Mediation
- ☐ Magistrate Judge

*See* Dkt.  34 at 23.

We expect Regenesis to honor its agreement.  Please share your thoughts on Mark LeHocky or propose an equally qualified and skilled mediator for our consideration.

Sincerely,

**Nathan Paine** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Fifth Avenue, Suite 4700 | Seattle, Washington 98104  Phone +1.206.505.4011 | Fax +1.206.505.4099
nathan.paine@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Gregory Clarkson <gclarkson@stetinalaw.com>
**Sent:** Thursday, May 7, 2026 5:28 PM
**To:** Paine, Nathan T (SEA - X54011) <Nathan.Paine@hklaw.com>; Straughan, Kyle B (SEA - X54010) <Kyle.Straughan@hklaw.com>
**Cc:** Masanka, Christie (BOS - X71472) <Christie.Masanka@hklaw.com>; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>
**Subject:** RE: Mediation

*[External email]*
Counsel:

You are incorrect in your understanding. It was Mr. Straughan at your firm who originally proposed the idea of extending the mediation deadline, via an email he sent on May 27, 2025, a copy of which is attached.

The Central District of California has a Mediation Panel consisting of volunteers who offer their preparation time and up to three hours of a free mediation session, and if the mediation is productive and continues beyond that, the mediator charges their usual market rate. Details can be found at https://www.cacd.uscourts.gov/attorneys/adr and https://www.cacd.uscourts.gov/attorneys/adr/list-panel-mediators.

Remarks like the one in your most recent email, which condescend to our firm and our client by telling us what you believe should or should not have been done on our side, are snide and uncivil, and only serve to escalate the acrimony and hostility involved in this manner. It certainly does not give our client any indication that settlement discussions will be amicable or productive. I have already warned you several times about keeping your communications on-topic and professional in tone. Going forward, we will not be substantively responding to any further communications from you which include these uncivil remarks, and we will instead ask you resend the communication with such remarks removed.

In addition, please also refer to me as Mr. Clarkson, or Counsel.  I find it disrespectful that you continue to address me on a first name basis. Going forward, I will not be substantively respond to any of your communications if you do not abide by this.


Regards,


Greg Clarkson

---

**From:** Nathan.Paine@hklaw.com <Nathan.Paine@hklaw.com>
**Sent:** Thursday, May 7, 2026 4:18 PM
**To:** Gregory Clarkson <gclarkson@stetinalaw.com>; Kyle.Straughan@hklaw.com
**Cc:** Christie.Masanka@hklaw.com; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>; Nathan.Paine@hklaw.com
**Subject:** RE: Mediation

| **External Email:** Use caution before clicking links or opening attachments. |
| --- |

Greg,


Please correct me if I am wrong, but it had been our understanding that Regenesis would not agree to mediate until after the Court entered its final Markman order. We had been willing to postpone the mediation deadline to accommodate Regenesis's position as we worked through the ESI discovery process.  After all, the discovery is useful at a mediation. But now that the process is substantially complete, it does not make sense, from our perspective, to delay the case deadlines any further while we continue to wait. The case needs to be advanced towards a final resolution whether that be through settlement or trial. The Court's order requires that the parties attempt to resolve the dispute amicably as a prerequisite to proceeding to trial.

We are fully prepared to participate in mediation in good faith and put in the work necessary for a meaningful mediation. As explained below, there is a lot of value in mediation even if your client is a reluctant participant. Moreover, the Court mandates it in the scheduling order:

> Counsel <u>must</u> complete a settlement conference under the Court Directed ADR Program (L.R. 16-15.4) no later than the date set by the Court above…Counsel shall include in the proposed Pretrial Conference Order a status report detailing what procedure has been followed and the status of settlement efforts. <u>The case may not proceed to trial unless all parties, including the principals of all corporate parties,</u>

have appeared personally at a settlement conference and have complied with L.R. 16-15.5.

I am not aware of any "low- or no-cost alternative" to mediation that would serve any meaningful purpose other than to check a box. We are not willing to do that.

I don't understand your client's hostility towards investing in mediation. Early in the case, your client had an opportunity settle for cheap. Instead, Regenesis decided to bring its own claims for patent infringement. And now it seeks to further expand the litigation in both state and federal court for what will likely amount to zero return on that investment. From our perspective, that money would have been better invested in a mediation, which will almost certainly be cheaper than the money Regenesis just spent for two separate law firms to unnecessarily expand the litigation in two separate forums.

Regardless, we hope Regenesis will cooperate in good faith to comply with the upcoming mediation deadline. Again, we are happy to consider any highly qualified alternatives to Mark LeHocky that you want to propose. But in my experience, they are few and far between.

Sincerely,

**Nathan Paine** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Fifth Avenue, Suite 4700 | Seattle, Washington 98104 Phone +1.206.505.4011 | Fax +1.206.505.4099
nathan.paine@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Gregory Clarkson <gclarkson@stetinalaw.com>
**Sent:** Thursday, May 7, 2026 3:10 PM
**To:** Paine, Nathan T (SEA - X54011) <Nathan.Paine@hklaw.com>; Straughan, Kyle B (SEA - X54010) <Kyle.Straughan@hklaw.com>
**Cc:** Masanka, Christie (BOS - X71472) <Christie.Masanka@hklaw.com>; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>
**Subject:** RE: Mediation

*[External email]*
**FRE 403**

**FOR SETTLEMENT PURPOSES ONLY**

Counsel:

I am not insinuating that you our your client would walk out of the mediation in five minutes. Rather, what I am hinting at is that it might well be our client who walks out in five minutes. Given that the desire to move forward with the mediation at this time is coming from your end, I had assumed that there has been some shift in your client's position or desire to continue litigating this matter.

What I can represent to you is that if your client's positions and demands have not changed at all since the last time discussions were held, then our client will almost assuredly consider any mediation or settlement discussions to be a waste of their time and money. We're not going to strong-arm our client into spending their time and money on briefing and attending a mediation that will almost assuredly be unproductive. What I am saying is that if this is simply going to be a boxchecking exercise so that we can say to the Court that we held the required mediation, then our client will not be happy to have incurred the fees involved in us writing a full-fledged mediation brief that will just be thrown in the trash, or bearing the costs of an expensive private mediator, nor could we recommend it to them. We would rather go with a low- or no-cost alternative.

The reason I asked for some sort of preliminary discussion is because we need to understand what, if anything, may have changed so that we can sell our client on the idea that a potentially expensive mediation will be a productive use of their time and money. Do you have any suggestions as to how we could go about solving this problem?

Thank you,

Greg Clarkson

---

**From:** Nathan.Paine@hklaw.com <Nathan.Paine@hklaw.com>
**Sent:** Thursday, May 7, 2026 12:18 PM
**To:** Gregory Clarkson <gclarkson@stetinalaw.com>; Kyle.Straughan@hklaw.com
**Cc:** Christie.Masanka@hklaw.com; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>; Nathan.Paine@hklaw.com
**Subject:** RE: Mediation

**External Email:** Use caution before clicking links or opening attachments.

Greg,

We are happy to provide clarification. Our plan is to move forward with all of the current deadlines under the assumption that the Court will ultimately enter its tentative Markman ruling as the final order. If the Court ultimately modifies the final order in any material way, the parties could always amend their contentions accordingly. But we believe it would be useful, and perhaps even necessary, for the parties to crystalize their contentions before the mediation and for the benefit of the mediator.

As for the mediation itself, in 23 plus years of practice involving hundreds of mediations, I have never walked out of a mediation in five minutes or participated in a mediation just to check a box. And I have been involved in many cases that were far more contentious. Even in a case where the Court sanctioned the law firm and the attorneys $147,000 for my fees and costs, we still successfully mediated the dispute between the parties.

Judge sanctions Buchalter over $147K for 'unsupported arguments' and misleading assertions

We don't think any informal preliminary discussions would be productive.  Last time we tried that, the conversation was apparently less than productive with my client effectively being told to pound sand. We believe both sides would benefit from seeing the other's settlement position crystalized in a mediation brief with supporting evidence and then hearing an experienced neutral's professional opinions on the parties' respective strengths, weaknesses, and potential exposure at trial. Anything short of that would likely devolve into more unproductive posturing.

Sincerely,

**Nathan Paine** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Fifth Avenue, Suite 4700 | Seattle, Washington
98104 Phone +1.206.505.4011 | Fax +1.206.505.4099
nathan.paine@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Gregory Clarkson <gclarkson@stetinalaw.com>
**Sent:** Thursday, May 7, 2026 11:48 AM
**To:** Paine, Nathan T (SEA - X54011) <Nathan.Paine@hklaw.com>; Straughan, Kyle B (SEA - X54010) <Kyle.Straughan@hklaw.com>
**Cc:** Masanka, Christie (BOS - X71472) <Christie.Masanka@hklaw.com>; Raffi Zerounian

<rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>
**Subject:** RE: Mediation

*[External email]*
Counsel:

Can you clarify if you're indicating that you no longer which to continue extending just the mediation deadline, or all three deadlines which we have been extending repeatedly pending the issuance of the Markman Order?  My assumption from your email is that you're referring to just the mediation deadline.

If your client is earnest in its desire to mediate this matter at this time with the goal of coming to a resolution (as opposed to simply checking off a box for the Court), we suggest that might be helpful to arrange for some sort of informal preliminary discussion, either between counsel or between designated principals of the parties. This matter up to this point has been extremely contentious. We wouldn't want to go to the trouble of arranging for a full-blown mediation with a professional (and presumably expensive) mediator if it will simply result in one party walking out in less than five minutes.

We will review Mr. LeHocky's credentials.

Thank you,

Greg Clarkson

---

**From:** Nathan.Paine@hklaw.com <Nathan.Paine@hklaw.com>
**Sent:** Tuesday, May 5, 2026 2:51 PM
**To:** Gregory Clarkson <gclarkson@stetinalaw.com>; Matthew A. Newboles <mnewboles@stetinalaw.com>
**Cc:** Nathan.Paine@hklaw.com; Kyle.Straughan@hklaw.com; Christie.Masanka@hklaw.com; Raffi Zerounian <rzerounian@hansonbridgett.com>; Robert A. McFarlane <rmcfarlane@hansonbridgett.com>
**Subject:** Mediation

**External Email:** Use caution before clicking links or opening attachments.

Hello,

June 12, 2026 is the deadline to complete mediation. At this point, Cascade is not willing to extend this deadline any further.

We propose Mark LeHocky ([ADR Services, Inc.](#)) as the mediator based on his experience as Vice President and General Counsel of large corporations, his role in managing all aspects of intellectual property rights for those companies, and his 15 years of experience as a mediator with a strong background in intellectual property law.  If you are amenable to using Mark, we can contact his scheduling assistant for his availability.

If there are any equally experienced mediators you would like to propose, we would be happy to consider them as well.

Sincerely,

**Nathan Paine** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Fifth Avenue, Suite 4700 | Seattle, Washington 98104 Phone +1.206.505.4011 | Fax +1.206.505.4099
[nathan.paine@hklaw.com](mailto:nathan.paine@hklaw.com) | [www.hklaw.com](http://www.hklaw.com)

[Add to address book](#) | [View professional biography](#)

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an

existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.